UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GREGORY HARRIS D-21,

    Defendant.
_____/

Case No. 07-CR-410

HON. HARRY D. LEINENWEBER

**DEFENDANT GREGORY HARRIS'**
**MOTION FOR BILL OF PARTICULARS**

NOW COMES Defendant, GREGORY HARRIS, by and through counsel, ANTHONY T. CHAMBERS and pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, and moves this Court to enter an Order requiring the government to furnish him with a Bill of Particulars in this case. In support of said Motion, Defendant further states as follows:

1) That Defendant Harris is charged with various counts including Conspiracy to Distribute 5 Kilograms or more of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1); 846 and Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, in violation of 18 U.S.C. § 1952.

2) That the government is required to prove each element of each count.

3) That Defendant HARRIS must be able to defend against all allegations.

4) That Defendant and defense counsel will be unable to prepare for trial in any meaningful way without a Bill of Particulars to provide further particularization and specification of the indictment's allegations.

5) That the purpose of a Bill of Particulars is to inform an accused of the precise nature of the charge against him, to enable him to prepare his defense, to avoid surprise during trial, and to protect against a second prosecution for an inadequately described offense.

6) That each of the aforementioned purposes is met by the granting a Bill of Particulars in this case.

7) That the Bill should contain the following information concerning the conspiracy to distribute cocaine:

   a. The precise circumstances under which these acts occurred, including but not limited to the time, place, and manner in which these acts allegedly occurred.
   b. The names and addresses of any persons the government claims were present, or have knowledge of, the time any of these acts allegedly occurred.
   c. The precise nature, character and circumstances of any words uttered or acts engaged in by Defendant HARRIS with regard to the above request.

8) Defendant HARRIS requests all materials relating to Count One, Conspiracy to Distribute Cocaine, such as, the time, place, and manner in which he knowingly or intentionally possessed and distributed cocaine. Also, Defendant HARRIS requests the names and addresses of the persons who the government claims has knowledge or was present at the time theses acts allegedly occurred. Further, Defendant HARRIS requests all materials relating

to the precise nature, character, and circumstances of any words he uttered or acts he engaged in regarding Count One.

WHEREFORE, pursuant to FRCrimP 7 (f), Defendant prays this Court for an Order directing the government to provide him with a Bill of Particulars in this case.

Respectfully Submitted,

s/ Anthony T. Chambers
Anthony T. Chambers (P38177)
220 W. Congress, Fifth Floor
Detroit, Michigan 48226
(313) 964-5557
(313) 964-4801 Fax
achambers3650@yahoo.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

                                      Case No. 07-CR-410

vs.                              HON. HARRY D. LEINENWEBER

GREGORY HARRIS D-21,

    Defendant.
_____/

**BRIEF IN SUPPORT OF**
**MOTION OF FOR A BILL OF PARTICULARS**

The purpose of a bill of particulars is set forth in <u>United States v. Birmley</u>, 529 F.2d 103 (6th Cir. 1976):

> The purpose of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purpose.

<u>United States v. Birmley</u>, <u>supra</u>, at 108; see also, <u>Wong Tai v. United States</u>, 273 U.S. 77, 80 (1927).

Federal Rule of Criminal Procedure 7 (f) was amended in 1966. The amendment eliminated the requirement of a showing of cause and was intended "to encourage a more liberal attitude by the courts toward bills of particulars. . .". <u>Advisory Committee Notes</u>, 39 F.R.D. 69, 170 (1966). The 1966 amendment requires that the defendant be given the

benefit of doubt in gray areas. United States v. Thevis, 477 F. Supp. 117, 124 (N.D. GA. 1979): United States v. Manetti, 33 F. Supp. 683, 697 (D. Del. 1971). The rule now provides:

> Bill of Particulars. The Court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice require.

In reliance upon this rule, federal district courts have often granted the defendant particulars about the nature and character of the acts constituting the alleged offense, as well as particulars about the circumstances under which these acts occurred. "(B)y requiring the government to provide the information sought by a bill of particulars, i.e., the time, place and essential circumstance of the offense charged, the defendant will be in a better position to meet the charges. In many cases, seeing the substance of the government's case, pleas of guilty are promoted." United States v. Leichtfuss, 331 F. Supp. 723 (ND Ill. 1971). For some examples of courts granting such particulars, see, e.g., United States v. Ferguson, 460 F. Supp. 1, 4 (ED Tenn. 1977), aff'd, 582 F.2d 1280 (6th Cir. 1978) (specific location(s) and date(s) of alleged offenses); United States v. Davis, 330 F. Supp. 899, 901-903 (ND Ga. 1971) (exact dates and places of alleged offenses); United States v. White, 50 F.R.D. 70, 72 (ND Ga. 1979), aff'd on other grounds, 450 F.2d 264 (5th Cir. 1971) (general manner and general location of alleged offenses); United States v. Williams, 309 F. Supp. 32, 35 (ND Ga. 1969) (exact dates for substantive offenses underlying alleged conspiracy); United States v. Palmisano, 73 F. Supp. 750 (ED Pa. 1967) (time of day when alleged offense occurred); United States v. Crisona, 271 F. Supp. 150, 157 (SN NY 1967) (time and means of alleged offense);

United States v. Dean, 266 F. Supp. 159, 160 (SD NY 1966) (approximate date and time of day; sufficient and adequate description of place; character and manner of offense). Cf. Also Willis v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.ED.2d 305 (1967) (upholding district court order granting disclosure of date and place of alleged offense).

In United States v. Bortnovsky, 820 F.2d 572 (2nd Cir. 1987), the Court of Appeals held that the district court abused its discretion in denying defendants' motion for bill of particulars identifying which of their insurance claims for burglary were fraudulent and which of the many invoices submitted substantiating these claims were falsified.

In Bortnovsky, the defendants were hindered in preparing their defense by the district court's failure to compel the government to reveal the crucial information. Id. At 574. The Court stated that in effect the burden of proof impermissibly shifted to the defendants (appellants). Id. At 575.

Federal district courts have also ordered bills of particulars specifying the names and addresses of witnesses to an alleged offense. This is because:

> . . . (o)ne can appreciate that a lack of specification as to the time and place of commission of the alleged acts and the identity of persons dealt with might create difficulty in preparing to defend against charges in an indictment. . .
>
> In the instant case the date and location of each alleged offense is specifically set forth and no other persons are named in the indictment as participants. Nevertheless, fundamental fairness and the spirit of the amendment to Rule 7(f) require that defendant be informed of the identity of persons to whom liquor sales were allegedly made. United States v. Wynn, 54 F.R.D. 72, 74 (ED Pa. 1971) (citations omitted).

Such a witness list is, of course, not synonymous with a list of witnesses that the government intends to call at trial. "The reason for requiring disclosure of their names. . .

is not that they will or may be witnesses, but that the defendant requires identification of the times, places and persons present in order to prepare his defense." Willis, supra, 389 U.S. at 313-314 (quoting petitioner-defendant's brief and upholding district court order granting disclosure of these witnesses to the alleged offense). Some other examples of courts granting disclosure of witnesses to the alleged offense include United States v. Moore, 57 F.R.D. 640 (ND Ga. 1972 (identity of persons who participated in and were present at the allged distribution of heroin, and whether they are government informants); Palmisano, 273 F. Supp. at 751-752 (address of person named in indictment who was participant in alleged offense); Crisona, 271 F. Supp. At 156 (names and identities of participants in alleged offense); United States v. Covelli, 210 F. Supp. 589, 590 (ND Ill. 1962) (persons who may have been present at certain conversations forming an important part of the government's case).

In this case, the information sought by Defendant HARRIS is simply the type of basic information that any accused person would need to prepare a defense to crimes they have denied committing. Fundamental fairness requires that such basic information be provided. As such, the motion for bill of particulars should be granted.

Respectfully Submitted,

s/ Anthony T. Chambers
Anthony T. Chambers (P38177)
220 W. Congress, Fifth Floor
Detroit, Michigan 48226
(313) 964-5557
(313) 964-4801 Fax
achambers3650@yahoo.com

Date: February 12, 2008

# **CERTIFICATION**

      I hereby certify that the forgoing papers were faxed this date, and by hand delivery to the following:

**Terra Brown**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: terra.brown@usdoj.gov

Date: February 12, 2008          By: s/ Shantel Stoudemire, Paralegal to Attorney Chambers