UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 07-CR-410

vs.                                            HON. HARRY D. LEINENWEBER

GREGORY HARRIS D-21,

    Defendant.
_____/

## MOTION TO REQUIRE DISCLOSURE AND PRODUCTION OF GOVERNMENT INFORMANTS

NOW COMES the Defendant, GREGORY HARRIS, by and through his counsel, ANTHONY T. CHAMBERS, and moves this Honorable Court to issue an Order requiring the government to disclose the true identities of the confidential informants in the instant case and to produce those persons for Defendant to interview in preparation for trial and if Defendant requests, as witnesses at trial. In support of said Motion, Defendant HARRIS states as follows:

1. That Defendant HARRIS is charged with various counts including Conspiracy to Distribute 5 Kilograms or more of Cocaine, in violation of 21 U.S.C. § 846, 841 (a)(1) and Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, in violation of 18 U.S.C. § 1952.

2. That according to the discovery material at least one of the confidential informants identified and provided information in reference to Defendant HARRIS.

3. That the identity of the confidential informants is necessary to ensure that Defendant HARRIS receives effective assistance of counsel, as guaranteed by the Sixth Amendment to the United States Constitution, due process of law as guaranteed by the Fifth Amendment to the United States Constitution, and the right to present a defense as guaranteed by the Sixth Amendment to the United States Constitution.

4. That the production and interview before trial of the confidential informants are essential for a fair determination of Defendant's case, and their identities are relevant and helpful to the defense of GREGORY HARRIS.

WHEREFORE, Defendant HARRIS respectfully requests this Honorable Court to enter an Order requiring the government to disclose the identities of the informants and produce those persons for Defendant to interview in preparation for trial and if Defendant requests, as a witness at trial.

Respectfully Submitted,

s/ Anthony T. Chambers
Anthony T. Chambers (P38177)
220 W. Congress, Fifth Floor
Detroit, Michigan 48226
(313) 964-5557
(313) 964-4801 Fax
achambers3650@yahoo.com

Date: February 12, 2008

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                    Case No. 07-CR-410

vs.                                  HON. HARRY D. LEINENWEBER

GREGORY HARRIS D-21,

    Defendant.
_____/

## BRIEF IN SUPPORT OF DEFENDANT HARRIS' MOTION TO REQUIRE DISCLOSURE AND PRODUCTION OF GOVERNMENT INFORMANTS

The interest of the United States in a criminal prosecution "is not that it shall win a case but that justice shall be done." Berger v. United States, 295 U.S. 78, 88, quoted with approval in Jencks v. United States, 353 U.S. 657 (1957). "[S]ince the Government, which prosecutes an accused, also has a duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material in his defense." United States v. Reynolds, 345 U.S. 1, 12, quoted with approval in Jencks v. United States, supra at 671.

## THE GOVERNMENT SHOULD DISCLOSE AND PRODUCE THE CONFIDENTIAL INFORMANTS

The Government should disclose and produce its confidential informants to the Defendant. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a

fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action." Rovario v. United States, 353 U.S. 53, 65 (1957).

The defendant in Rovario had been convicted of selling and knowingly transporting heroin. The facts disclosed that a confidential informant had participated in the commission of one of the offenses charged in the indictment and could have testified as to that count. Prior to trial, the Defendant requested the Court to order the government to disclose the identity of the confidential informant. When the Court refused, the Supreme Court held that the trial court "committed prejudicial error in permitting the Government to withhold the identity of its undercover employee in the fact of repeated demands by the accused for his disclosure." Id. at 65.

In McLawhorn v. State of North Carolina, 484 F.2d 1(4th Cir. 1973), the Fourth Circuit applied Rovario to reverse a conviction where the unrevealed informant, an undercover detective, actively participated with the defendant in drug sales. In determining whether an informant's identity must be revealed the Court distinguished an active participant from a "mere tipster":

> Still this valid public interest must be balanced against the individual's right to prepare a defense. The privilege of non-disclosure must give way where disclosure is <u>essential or relevant and helpful</u> to the defense of the accused, lessons the risk of false testimony, is necessary to secure useful testimony, or is essential to a fair determination of the case. (Citations omitted). McLawhorn, supra at 4-5. (Emphasis added).

This "relevant and helpful" standard had been implied to include not only informants who are active participants in an incident, see e.g., United States v. Barnes, 486 F.2d 776 (8th Cir. 1973), Lopez-Hernandez v. United States, 394 F.2d 820 (9th Cir. 1968), but further to a witness who might be able to "shed light" on the circumstances

and support possible defense theory. <u>United States v. Freund</u>, F.2d 873, cert. denied 486 U.S. 78 (5th Cir. 1978); <u>Gilmore v. United States</u>, 256 F.2d 565 (5th Cir.1958).

The Sixth Circuit has adopted the latter application. In <u>Lloyd v. United States</u>, 400 F.2d 414 (6th Cir. 1968), the Court remanded the case to the District Court to hold an in camera hearing because the informer was in a position to "throw light" on the asserted defense theory.

In this case, the presence of the government's informants is essential. The informants' testimonies are relevant and helpful, will aid in the fair determination of the case, and will shed light on the circumstances. According to the discovery material, at least one of the government's informants identified Defendant HARRIS and offered information in reference to an alleged drug transaction. Such an individual is in a unique position to affirm or deny much of the testimony of the defendant. Under such circumstances, the informer's privilege must give way to the needs of the accused. <u>Rovario</u>, <u>supra</u>, 353 U.S. at 64.

WHEREFORE, it is requested that this Court order the prosecution to disclose the true identities of the confidential informants, and produce the informants so that the Defendant may interview and prepare for trial, and if the Defendant requests, produce the informants as witnesses at trial.

Respectfully Submitted,

s/ Anthony T. Chambers
Anthony T. Chambers (P38177)
220 W. Congress, Fifth Floor
Detroit, Michigan 48226
(313) 964-5557
(313) 964-4801 Fax
achambers3650@yahoo.com

# **CERTIFICATION**

      I hereby certify that the forgoing papers were faxed this date, and by hand delivery to the following:

**Terra Brown**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: terra.brown@usdoj.gov

Date: February 12, 2008                    By: s/ Shantel Stoudemire, Paralegal to
                                               Attorney Chambers