## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 07-CR-410

vs.

HON. HARRY D. LEINENWEBER

GREGORY HARRIS D-21,

    Defendant.

_____/

### DEFENDANT HARRIS' MOTION REQUESTING NOTICE OF THE GOVERNMENT'S INTENTION TO OFFER OTHER CRIMES, WRONGS AND BAD ACTS EVIDENCE

NOW COMES the Defendant, GREGORY HARRIS, by and through his attorney, ANTHONY T. CHAMBERS and moves this Honorable Court to issue an Order requiring the prosecutor give defense counsel notice of any and all evidence of other crimes, wrongs, and/or bad acts which the government may offer during the trial in the instant matter. In support of said Motion, Defendant further states as follows:

1. That Defendant HARRIS is charged with various counts including Conspiracy to Distribute 5 Kilograms or more of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1); 846 and Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, in violation of 18 U.S.C. § 1952.

2. That after reviewing the discovery materials which have been provided, counsel believes that the government may attempt to assert allegations of other crimes, wrongs or bad acts which may or may not be related to the instant matter, which are not included or mentioned in the indictment.

3. That the government may in fact intend to offer evidence which they consider to be other crimes, wrongs or bad acts evidence in an attempt to prove either of the alleged offenses.

4. That Defendant HARRIS requests that he be given notice of any and all evidence, tangible physical or testimonial which the government intends to or may offer as other crimes, wrongs or bad acts.

5. That the pretrial disclosure of such evidence will reduce the potential prejudice which the Defendant will suffer as a result of surprise during the course of this trial of any such evidence.

6. That the pretrial disclosure of such evidence will assist the Court in determining whether such evidence is properly admissible.

WHEREFORE, Defendant HARRIS respectfully request that this Court issue an Order requiring the government to disclosure prior to trial, any and all evidence whether tangible physical or testimonial which they may or intend to offer as other crimes, wrongs or bad acts evidence.

Respectfully Submitted,

s/ Anthony T. Chambers
Anthony T. Chambers (P38177)
220 W. Congress, Fifth Floor
Detroit, Michigan 48226
(313) 964-5557
(313) 964-4801 Fax
achambers3650@yahoo.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

                                  Case No. 07-CR-410

vs.                                  HON. HARRY D. LEINENWEBER

GREGORY HARRIS D-21,

    Defendant.
_____/

**BRIEF IN SUPPORT OF DEFENDANT'S**
**MOTION REQUESTING NOTICE OF**
**THE GOVERNMENT'S INTENTION TO OFFER**
**OTHER CRIMES, WRONGS, AND BAD ACTS EVIDENCE**

      Defendant HARRIS seeks pretrial disclosure of the government's intention to rely upon "other crimes, wrongs or acts" evidence to insure that he will not be subjected to a "trial by ambush." See, United States v. Kelly, 420 F. 2d 26, 29 (2nd Cir. 1969). The request is also designed to prevent time-consuming and potentially prejudicial contests over admissibility before the jury. Defendant's right to be advised of such evidence prior to trial finds its roots in the basic rights to notice of the nature and cause of the accusation, preparation of his defense, confrontation of witnesses, effective assistance of counsel and to due process of law. The guarantees will be hopelessly frustrated if the Defendant does not receive notice of such evidence until it is offered against him at trial.

      Many circuits have required the pretrial disclosure and notice from the government of their intention to offer other crimes, wrongs and bad acts evidence. The

Second Circuit Court of Appeals reversed a conviction for possession of stolen goods when a motion requesting notice had been denied. United States v. Baum, 482 F.2d 1325 (2nd Cir. 1973). The court in Baum stated:

> Confronted for the first time with the accusation of prior criminal conduct and the identity of the accuser the defendant had little or no opportunity to meet the impact of this attack in the midst of trial. This precarious predicament was precipitated by the prosecutor. Id. at 1331.

In Riggs v. United States, 280 F.2d 750, 753 (5th Cir. 1960), the court strongly condemned non-disclosure of a transaction not included in the indictment but "saved to be used as a surprise knockout blow."

The Seventh Circuit addressed the issue of 404(b) evidence in United States v. Simpson, 479 F.3d 492 (7th Cir. 2007). In that case, a single-count indictment was filed against Simpson for distribution of cocaine. Simpson filed a motion in limine to bar evidence of his other bad acts. He argued that such evidence was not admissible to prove his propensity to commit a crime. The government represented that it had no intention of introducing such testimony regarding Simpson's prior bad acts. As such, the district court did not enter a ruling on the motion. Consequently, after the jury was unable to reach a verdict, the first trial ended in a mistrial. The case was subsequently retried before a second jury. During the second trial, the government introduced prior act evidence and Simpson was found guilty. On appeal the Court stated:

> Rule 404(b) is first a rule of prohibition: "[e]vidence of other crimes, wrongs, or acts is *not admissible* to prove the character of a person in order to show action in conformity therewith" (emphasis added), subject only to limited

> exceptions. The presumption set forth in the Rule is against admissibility. And, we emphasize, simply because the evidence in question tends to show intent, motive, identity, or the like does not mean the evidence is automatically admissible. Rather, the second sentence of the rule makes explicitly clear that such evidence "may" be admissible, not that admission is automatic. United States v. Jones, 455 F.3d 800, 810 (7th Cir. 2004) (Easterbrook, J., concurring).

In this case, the Court, as well as the Defendant, has a stake in pretrial disclosure in the intention to interject other crimes evidence which may easily delay the proceedings if litigated during the course of the trial. If the government is allowed, without prior notice, to introduce other crimes evidence during mid trial, continuances may be necessary to allow Defendant a fair opportunity to meet the evidence or to object to it.

Additionally, erroneous admission of other crimes evidence is a common source of mistrials, appeals and retrials. It is therefore, very much in the interest of sound judicial administration to require pretrial notice of the intention to use other crimes evidence and to resolve admissibility, to the greatest extent possible, before the jury is exposed to voir dire examination and to opening statements. See, generally, 2 Weinstein's Evidence, 404 (1) at 404-13 (1980).

WHEREFORE, Defendant HARRIS respectfully asks this Honorable court to direct the government to give notice of its intention to use other crimes evidence in the trial of this matter.

                                                Respectfully Submitted,

                                                <u>s/ Anthony T. Chambers</u>
                                                Anthony T. Chambers (P38177)
                                                220 W. Congress, Fifth Floor
                                                Detroit, Michigan 48226
                                                (313) 964-5557
                                                (313) 964-4801 Fax
                                                achambers3650@yahoo.com

Date: February 12, 2008

# **CERTIFICATION**

I hereby certify that the forgoing papers were faxed this date, and by hand delivery to the following:

**Terra Brown**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: terra.brown@usdoj.gov

Date: February 12, 2008　　　　　　　　By: s/ Shantel Stoudemire, Paralegal   to
　　　　　　　　　　　　　　　　　　　　Attorney Chambers