UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 07-CR-410

vs.

HON. HARRY D. LEINENWEBER

GREGORY HARRIS D-21,

    Defendant.
_____/

**MOTION FOR DISCLOSURE OF BRADY MATERIALS**

NOW COMES the Defendant, GREGORY HARRIS, by and through his attorney, ANTHONY T. CHAMBERS, and moves this Honorable Court for an Order requiring disclosure of evidence pursuant to Fed. R. Crim. P. 16(a)(1)(c) and Brady v. Maryland, 373 U.S. 83 (1963). Defendant files a supporting Brief and further states:

1. That Defendant HARRIS is charged with various counts including Conspiracy to Distribute 5 Kilograms or more of Cocaine, in violation of 21 U.S.C. §§ 841 (a)(1), 846 and Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, in violation of 18 U.S.C. § 1952.

2. That the Government has the obligation to turn over evidence in its possession that is favorable to the accused and material to guilt or punishment. Brady v. Maryland, 373 U.S. 83 (1963); United States v. Agurs, 427 U.S. 97 (1976).

3. That impeachment evidence falls within the Brady rule. United States v. Bagley, 473 U.S. 667 (1985).

4. That exculpatory evidence should be disclosed to Defendant prior to trial so that effective use may be made at trial <u>United States v. Shoher</u>, 555 F. Supp.346 (S.D. N.Y. 1983).

5. That pursuant to <u>Brady</u>, <u>supra</u>, and its progeny, Defendant requests the following exculpatory and/or impeaching information.

   a. The prior criminal records, adult and juvenile, of all Government witnesses;

   b. All prior acts of Government witnesses which are arguably probative of truthfulness including but not limited to matters within their employment, management, administrative, investigative and internal affairs files that are within the meaning of Fed. R. Evid. 608(b);

   c. Any consideration, promise or inducement regardless of value given to any potential witness by any agent, attorney or employee of the government;

   d. Any information or statements regarding pressure or reward of any form placed on or provided to any potential witnesses to testify unfavorably with regard to the Defendant by any agent, attorney or employer for the government (this request includes state officials/ local law enforcement);

   e. Any other material which tends to impeach a witness including but not limited to:

       i. Witness' employment status (including but not limited to any confidential informant and or source of information);

       ii. Whether the government has provided any potential witness with;

    1. Money or other reward;

    2. Living expenses;

    3. Medical treatment;

    4. Transportation expenses;

    5. Consideration in employment in anyway;

    6. Any type of informant status;

    7. Help in administrative or bankruptcy proceedings;

    8. Promises as to witness' civil liability;

    9. Immunity from prosecution;

    10. Good time awards or assistance with disciplinary matters;

  f. Information which tends to impeach a witness including but not limited to:

    i. Prior inconsistent statements;

    ii. Bias;

    iii. Character of the witness for truthfulness;

    iv. Defect of capacity in the witness, mentally, emotionally observe or have knowledge;

    v. Proof by other witness that material facts are otherwise than as expected to be testified by government witness.

6. That the information requested by Defendant in paragraphs 5 (a) through 5 (f) is either in the possession of the Government or, <u>by due diligence</u>, can be procured by the Government. Defendant, on the other hand, has no other reasonable means to obtain the requested information.

WHEREFORE, and for the reasons set forth in the attached Brief, Defendant HARRIS requests this Honorable Court to enter an Order requiring disclosure of the requested information.

          Respectfully Submitted,

          s/ Anthony T. Chambers
          Anthony T. Chambers
          Michigan Bar No.P38177
          220 W. Congress, Fifth Floor
          Detroit, Michigan 48226
          (313) 964-5557
          (313) 964-4801 Fax
          achambers3650@yahoo.com

Date: January 17, 2008

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                            Case No. 07-CR-410

vs.                               HON. HARRY D. LEINENWEBER

GREGORY HARRIS D-21,

    Defendant.
_____/

**BRIEF IN SUPPORT OF
MOTION FOR DISCLOSURE OF BRADY MATERIALS**

    The requests for disclosure enumerated in paragraphs 5 (A) through 5 (F) are reasonable and compliance is not difficult. Moreover, the requested information is in the possession of the Government and Defendant has no other avenue of obtaining the information.

    In <u>Brady v. Maryland</u>, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), the Court held the "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guild or punishment." <u>Brady</u> is not a rule of discovery, rather; it "is based on the requirement of due process" and as such, is a rule of fairness and minimum prosecutorial obligation. <u>United States v. Bagley</u>, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The prosecutor is not required to disclose his entire file. <u>Bagley</u>, <u>supra</u>, <u>citing</u>, <u>United States v. Agurs</u>, 427 U.S. 97, 106, 111, 96 S.Ct. 2392, 2398, 2401, 49 L.Ed. 2d 342 (1976). The

obligation to disclose is measured by the "character of the evidence, not the character of the prosecutor." United States v. Agurs, 427 U.S. at 110, 96 S. Ct. at 2401.

In addition to what is clearly exculpatory information, the Government has an obligation to disclose information that might be used to impeach its witnesses. In United States v. Bagley, supra, the Court stated:

> In the present case, the prosecutor failed to disclose evidence that the defense might have used to impeach Government's witnesses by showing bias or interest. Impeachment evidence, however, as well as exculpatory evidence, falls with the Brady rule . . . Such evidence is "evidence favorable to an accused," . . . so that if disclosed and used effectively, it may make the difference between conviction and acquittal.

473 U.S. 667, 105 S.Ct. at 3380 (1985).

The importance of Defendant's request for impeachment evidence cannot be overemphasized. The Supreme Court explained the rationale behind requiring Government disclosure of information bearing upon the credibility of its witnesses as well as matter more directly material to guilt or innocence in Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed. 2d 1217 (1959):

> The jury estimate of the truthfulness and reliability of a given witness may be determinative of guilt or innocence, and it is upon such subtle factors as possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.

Furthermore, the Court must also decide under Fed. R. Crim. P. 16(a)(1)(C) whether the request embraces matters which are "material to the preparation of (the) defense". As to Rule 15(a)(1)(C), the special materiality of impeaching information has been noted: ". . .aside from outright exculpatory items, it is difficult to imagine information more material to the critical major

government witnesses." United States v. Five Persons, 472 F. Supp. 64, 67 (D.N.J. 1979).

The disclosure of information impeaching the credibility of witnesses must be timed so as to enable effective preparation for trial. As pointed out in United States v. Pollack, 534 F.2d 964, 973 (D.C. Cir.), cert. denied 429 U.S. 924 (1976) (Lumbard, J., sitting by designation): "disclosure by the government must be made at such a time as to allow the defense to use the favorable material effectively in preparation and presentation of its case, even if satisfaction of this criterion requires pretrial disclosure." As noted by Judge Haight in New York, "It should be obvious to anyone involved with criminal trials that exculpatory information may come too late if it is even only at trial . . ." United States v. Shoher, 555 F. Supp. 289, 290 S.D.N.Y. 1974). The Due Process standard is that such evidence must be turned over before it is too late for the defendant to make use of any benefits of the evidence. United States v. Allain, 677 F.2d 248, 255 (7th cir. 1982).

Moreover, the duty to disclose is an ongoing one. In Pennsylvania v. Ritchie, 478 U.S. 104, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), the Court stated: "...the duty to disclose is ongoing; information that my be deemed immaterial upon original examination may become important as the proceedings progress, and the court would be obligated to release information material to the fairness of the trial." 107 S. Ct. at 1003.

While the Government may not be responsible for evidence which is not available to it, United States v. Johnston, 543 F. 2d 55 (8th Cir. 1976), where its

exculpatory nature is not likely and not immediately apparent, California v. Trombetta, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984), or where a person fails to comply with a subpoena for possibly exculpatory information, United States v. Alderdyce, 787 F.2d 1365 (9th Cir. 1986), knowledge or possession of exculpatory evidence is imputed to the prosecutor as the acting agent of the government.

For instance, in Giglio v. United States, U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), the Court held that due process was violated when the prosecuting trial attorney, not realizing that promises had been made by his predecessor, failed to correct a key witness' statement that he had never been told he would not be prosecuted if he testified on behalf of the government. The court noted: "A promise made by one attorney must be attributed for these purposes to the Government." 405 U.S. at 154, 92 S.Ct. at 766.

In Barbee v. Warden, 331 F.2d 842 (4th Cir. 1964) the Fourth Circuit held that due process was denied where the state offered defendant's revolver for identification purposes and elicited incriminating statements in respect to it, but failed to disclose the ballistic and finger printing tests were negative - facts not known to the prosecution since the police had failed to reveal the test report. The court stated that "the police are also part of the prosecution, and the taint on the trial is no less if they, rather than the State's Attorney, were guilty of the non-disclosure. Barbee, supra, 331 F.2d at 846.

Impeachment Evidence

McCormick has identified five main lines of attack upon the credibility of a witness as follows:

> There are five main lines of attack upon the credibility of a witness. The first, and most frequently employed, is an attack by proof that the witness on a previous occasion has made statements inconsistent with his present testimony. The second is an attack by showing that the witness is biased on account of emotional influences such as kinship for one party or hostility to another, or motive of pecuniary interest, whether legitimate of corrupt. The third is an attack upon the character of the witness. The fourth is an attack by showing a defect of capacity in the witness to observe, remember or recount the matters testified about. The fifth is proof by other witnesses that material facts are otherwise than as testified to by witness under attack.

The requests contained in paragraphs 5 (a) through 5 (f), and incorporated herein by reference thereto, all fit into one or more of these "five main lines of attack upon the credibility of a witness." Since impeachment evidence falls within the Brady rule, disclosure should be ordered.

In ruling on this Motion, this Court should be mindful of the guidelines set forth in United States v. Agurs, supra, applicable where specific request are made for discovery:

> Although there is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor, if the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond either by furnishing the information or by submitting the problem to the trial judge. When the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable.

427 U.S. at 106, 96 S. Ct. at 2399.

For all of the reasons set forth herein, Defendant HARRIS requests this Honorable Court to grant the present Motion.

                Respectfully Submitted,

                s/ Anthony T. Chambers
                Anthony T. Chambers (P38177)
                220 W. Congress, Fifth Floor
                Detroit, Michigan 48226
                (313) 964-5557
                (313) 964-4801 Fax
                achambers3650@yahoo.com

Date: January 17, 2008

# **CERTIFICATION**

I hereby certify that the forgoing papers were faxed this date, and by hand delivery to the following:

**Terra Brown**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: terra.brown@usdoj.gov

Date: February 12, 2008                    By: s/ Shantel Stoudemire, Paralegal to
                                               Attorney Chambers