**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 07-CR-410

vs.

HON. HARRY D. LEINENWEBER

GREGORY HARRIS D-21,

    Defendant.
_____/

## DEFENDANT HARRIS' MOTION TO SEVER DEFENDANTS

NOW COMES the Defendant, GREGORY HARRIS, by and through his counsel, ANTHONY T. CHAMBERS, and moves this Honorable Court to issue an Order of severance from Co-Defendants. In Support of said motion Defendant further states as follows:

1. That Defendant HARRIS is charged with various counts including Conspiracy to Distribute 5 Kilograms or more of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1); 846 and Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, in violation of 18 U.S.C. § 1952.

2. That the indictment consists of fifteen (15) charges and twenty-one (21) defendants.

3. That the bulk of the evidence being offered was obtained subsequent to Defendant HARRIS' arrest and does not involve Defendant HARRIS; as such, this evidence will be highly prejudicial and confusing if offered in his presence.

4. That Rule 8(b) of the Federal Rules of Criminal Procedure allows the Government to join two or more defendants if they are alleged to have participated in the same act.

5. That Rule 14 of the Federal Rules of Criminal Procedure permits this Court to sever the defendant's trial when it appears to prejudice a defendant.

6. That the Co-Defendants will more than likely have conflicting or inconsistent defenses that will diminish their value before a jury.

7. That a joint trial will violate Defendant HARRIS' Sixth Amendment right, extended against the States through the Fourteenth Amendment, to be confronted with the witnesses against him.

8. That Defendant HARRIS may be denied access to exculpatory testimonies of his Co-Defendants, should they choose not to testify.

9. That the jury will most likely find the defendants guilty by association.

10. That the risk the jury will not or cannot follow instructions is so great, and the consequences of failure are so vital to Defendant HARRIS, that a severance should be granted. Bruton v. United States, 391 U.S. 123 (1968).

11. That the admission of any Co-Defendant's statement incriminating a defendant where the Co-Defendant is not available for cross-examination would constitute reversible error. Bruton v. United States, 88 S.Ct. 1620 (1967).

12. That counsel herein sought the concurrence in the instant request from Assistant U.S. Attorney Terra Brown to which she opposed the instant request.

WHEREORE, Defendant HARRIS respectfully requests this Honorable Court issue an Order of Severance for this trial.

                                                    Respectfully Submitted,

                                                    <u>s/ Anthony T. Chambers</u>
                                                    Anthony T. Chambers (P38177)
                                                    220 W. Congress, Fifth Floor
                                                    Detroit, Michigan 48226
                                                    (313) 964-5557
                                                    (313) 964-4801 Fax
                                                    achambers3650@yahoo.com

Date: February 12, 2008

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff,

                               Case No. 07-CR-410

vs.                                 HON. HARRY D. LEINENWEBER

GREGORY HARRIS D-21,

    Defendant.
_____/

**BRIEF IN SUPPORT OF DEFENDANT HARRIS'**
**MOTION TO SEVER DEFENDANTS**

      Defendant HARRIS should be granted a severance from his co-defendants. The district court is afforded wide discretion in determining whether the prejudice of joinder outweighs the benefits of a single trial. Fed. R. Crim. P. 14, United States v. Rollins, 301 F.3d. 511, 518 (7th Cir. 2002).  The preference is for indicted defendants to be tried jointly.  Zafiro v. United States, 506 U.S. 534, 539, 122 L.Ed. 2d 317, 113 S.Ct. 933 (1993).  "In all but the 'most unusual circumstances,' the risk of prejudice arising from a joint trial is 'outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all.' "United States v. McClurge, 311 F.3d 866, 871 (7th Cir. 2002) (quoting United States v. Blassingame, 197 F.3d 271, 286 (7th Cir. 1999)). However, if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence then a motion for severance should be granted. Zafiro, 506 at 539.

      Fed. R. Crim. 8(b) provides that:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

The Federal Rule of Criminal Procedure 14 provides in part:

> If it appears that defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Under Rule 14, severance may be granted if substantial prejudice would result to an individual defendant tried jointly with another. United States v. Licavoli, 725 F.2d 1040, 1051 (6th Cir. 1984). The rule, however, is only applicable if the joinder was initially appropriate under Rule 8. As such, there are instances when severance is necessary to ensure a fair trial.

To ensure Defendant HARRIS' right to a fair trial, a motion for severance from his co-defendants should be granted.

## A JOINDER OF DEFENDANTS WILL BE SO PREJUDICIAL THAT A SEVERANCE SHOULD BE GRANTED TO ENSURE DEFENDANT HARRIS' RIGHT TO A FAIR TRIAL

Defendant HARRIS should be severed from his co-defendants to preserve his right to a fair trial. In United States v. Echeles, 352 F.2d 892 (7th Cir. 1965), the court held that a single joint trial of several defendants may not be had at the expense of one of the defendant's right to a fundamentally fair trial. Under Rule 14 the defendant must show that the joinder of offenses or defendants is so prejudicial that it outweighs the interests of judicial economy and efficiency. United States v. Douglass, 780 F.2d 1472, 1478 (9th Cir. 1986).

In terms of severance of defendants, the Ninth Circuit has defined the prejudice burden as such:

> The moving party must show more than that a separate trial would have given him a better chance for acquittal. He must also show violation of one of his substantive rights by reason of the joint trial: unavailability of full cross-examination, lack of opportunity to present an individual defense, denial of Sixth Amendment confrontation rights, lack of separate counsel among defendants with conflicting interests, or failure properly to instruct the jury on the admissibility of evidence as to each defendant. In other words, the prejudice must have been of such magnitude that the defendant was denied a fair trial.

Douglass, 780 F.2d at 1478 (quoting United States v. Escalante, 637 F.2d 1197 (9th Cir. 1980)).

In this case, the majority of the evidence that will be offered by the government was gathered after Defendant HARRIS' arrest. Defendant HARRIS was arrested on March 12, 2007; however, the bulk of the evidence being offered extends from May 2007 through August 2007. All of this subsequent evidence is being offered against the co-defendants. This content of this evidence is massive and not relevant to Defendant HARRIS. Consequently, if offered at a joint trial, it will cause jury confusion and be counter productive to judicial economy and efficiency.

In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed. 2d 476 (1968), the Supreme Court held that admitting the confession of a non-testifying codefendant violated the right to confrontation of another defendant. In Bruton, the co-defendant orally confessed that he and the defendant committed a robbery. The trial court, without the co-defendant's testimony, admitted the confession with a limiting instruction. While juries are presumed to follow instructions, the Court expressed grave concerns about "the powerfully incriminating extrajudicial statements of a co-defendant, who stands accused side-by-side with the defendant." Id. At 136. In this case, the codefendant was never

subject to cross-examination. As such, placing his confession before a jury, when the confession inculpated the other defendant, violated the Sixth Amendment. See Id. This critical right will be jeopardized if the Government is allowed to join Defendant HARRIS with his co-defendants.

Subsequently, in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed. 2d 177 (2004), the Court declared a new standard for determining whether hearsay statements violate the mandate of the Confrontation Clause. The Court stated that "[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is….. confrontation." 541 U.S. 68, 69.

In Crawford, a wife did not testify against her husband due to marital privilege, but the trial court admitted police interrogation statement, because it bore adequate indicia of reliability through particularized guarantees of trustworthiness under Ohio v. Roberts, 448 U.S. 56 (1980). The Supreme Court reversed this decision because the Confrontation Clause requires cross-examination for testimonial statements, such as ex parte testimony at a preliminary hearing or responses to police interrogation. See id. at 52.

There were at least two confidential informants (CI) used in this case. They made statements about Defendant HARRIS, as well as, the other defendants. In addition, many of the codefendants have given statements to the government about their activities and the conduct of Defendant HARRIS. It is clear that any statement made by a CI is subject to the Confrontation Clause. Moreover, if any of the codefendants exercise their Fifth Amendment rights against self-incrimination and do not take the stand, Defendant HARRIS will be unable to exercise his Sixth Amendment right to confront these co-

defendants as afforded by the Confrontation Clause. The jury, therefore, may be exposed to a multitude evidence and testimony in reference to the activities of others, including activities not related to Defendant HARRIS. These post admissions and confessions by co-defendants at a joint trial will be highly prejudicial and cause much jury confusion. As such, in the interest of fairness, Defendant HARRIS should receive a severance from his codefendants.

Respectfully Submitted,

                                                s/ Anthony T. Chambers
                                                Anthony T. Chambers (P38177)
                                                220 W. Congress, Fifth Floor
                                                Detroit, Michigan 48226
                                                (313) 964-5557
                                                (313) 964-4801 Fax
                                                achambers3650@yahoo.com

Date: February 12, 2008

## **CERTIFICATION**

      I hereby certify that the forgoing papers were faxed this date, and by hand delivery to the following:

**Terra Brown**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: terra.brown@usdoj.gov

Date: February 12, 2008          By: s/ Shantel Stoudemire, Paralegal to
                                 Attorney Chambers