UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                    Case No. 07-CR-410

vs.                               HON.HARRY D. LEINENWEBER

GREGORY HARRIS D-21,

    Defendant.
_____/

**MOTION FOR GOVERNMENT AGENTS TO RETAIN
ROUGH NOTES OF INTERVIEWS WITH THE DEFENDANT AND FOR
DISCLOSURE PRIOR TO TRIAL/EVIDENTIARY HEARING**

    NOW COMES the Defendant, GREGORY HARRIS, by and through his attorney, ANTHONY T. CHAMBERS, and moves this Honorable Court to enter an Order requiring any and all Government law enforcement officers who have investigated the charges in this case to retain and preserve all rough notes, rough drafts, tape recordings, memoranda and work sheets taken as part of their investigation; not withstanding the fact that the contents of said notes are now or may be later incorporated in official records or reports. In support of this request Defendant further states as follows:

1. That Defendant HARRIS is charged with various counts including Conspiracy to Distribute 5 Kilograms or more of Cocaine, in violation of 21 U.S.C. §§ 841 (a)(1); 846 and Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, in violation of 18 U.S.C. § 1952.

2. That the instant matter concerns an investigation involving federal law enforcement officials from the Federal Bureau of Investigation ("FBI"), Drug

Enforcement Administration ("DEA"), and ("ATF"); as well as, local law enforcement officials from Indiana, Illinois and Michigan.

3. That the defense counsel has received and has been able to review some of the summary reports of the investigation for the present case.

4. That regardless of whether the summary reports may be available, the actual rough notes, rough drafts of summary, incident reports, tape recordings (including any used for transcribing summary reports) memoranda and work sheets must be preserved and should be provided prior to any evidentiary hearing and/or trial.

5. That the request for preservation of notes includes notes pertaining to all investigations concerning Defendant HARRIS and all witnesses which may testify in the instant matter concerning statements of the Defendant.

6. That the preservation of these notes is necessary so as to provide the Defendant with a fair trial, right to cross-examination and to adequately prepare a defense to these charges and challenges that alleged statements.

WHEREFORE, Defendant HARRIS prays that this Honorable Court enter a Order requiring the preservation and production of law enforcement officials' rough notes, rough drafts, tape recordings, memoranda and work sheets involving this investigation and any such order as may be just and proper.

Respectfully Submitted,

s/ Anthony T. Chambers
Anthony T. Chambers (P38177)
220 W. Congress, Fifth Floor
Detroit, Michigan 48226
(313) 964-5557
(313) 964-4801 Fax
achambers3650@yahoo.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 07-CR-410

vs.

HON. HARRY D. LEINENWEBER

GREGORY HARRIS D-21,

    Defendant.
_____/

**BRIEF IN SUPPORT**
**MOTION FOR GOVERNMENT AGENTS TO RETAIN**
**ROUGH NOTES AND TO DISCLOSE PRIOR TO TRIAL**

I.

Typically, this motion is made to allow the trial court the opportunity to determine whether disclosure of the said notes is required under Brady v. Maryland, 373 U.S. 83 (2963), or the "Jencks" Act Title 18, United States Code, 3500. In the instant case, counsel is more specific, in asking for notes which constitute a statement of the Defendant. The request is also discoverable pursuant to FRCP 16.

II.

There is the realistic possibility that the trial court will be asked to determine whether the disclosure of said notes, records and memoranda is required under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963) or the "Jencks" Act, 18 U.S. C. 3500.

III.

The Defendant should not be placed in a position where the efficacy of this motion is determined by the Government. The rough interview notes of government agents, and the other materials herein described should be kept and produced so that the Court may determine whether they should be made available to the Defendant. United States v. Vella, 562 F.2d 375 (3rd Cir. 1977), cert. denied, 434 U.S. 1074, 998 S. Ct. 1262 (1978).

In United States v. Harrison, 524 F.2d 421 (D.C. Cir. 1975), the court held that the decision as to whether rough interview notes are discoverable is for the court and not for the Government agent to make; and further, that the determination as to what constitutes a producible "statement" under the Jencks Act is for the Court, and not for the Government to make. The Government must retain and upon motion make available to the court both rough notes and drafts of reports of its agent to facilitate the court's determination of whether they should be produced for the defendant. United States v. Ammar, 714 F.2d 238 (3rd Cir. 1983).

IV.

"Rough handwritten notes taken by agents are potentially discoverable materials required to be preserved and produced. Harrison, supra. When a government agent takes notes which he adopts or approves and he is then called as a witness, 18 U.S.C. 3500 applies and the notes are producible at trial. United States v. Layton, 564 F.Supp. 1391 (D.C. Or. 1983). Even if the notes were not discoverable under Jencks Act, the destruction of said notes after preparation of witness interview reports is not justifiable either on the grounds that preservation of the notes would impose an intolerable burden on the investigative agency or that all of the information was preserved in the report.

See, <u>United States v. Maynard</u>, 476 F.2d 1170, 1176-78 (D.C. Cir. 1972); but, compare, <u>United States v. Surface</u>, 624 F.2d 23, 26 (5th cir. 1980).

V.

In <u>United States v. Terrell</u>, 474 F.2d 862, 877 (2nd Cir. 1973), the Second Circuit Court of Appeals held that the Jencks Act imposes no duty on law enforcement officials to retain rough notes when their contents are incorporated in the official records and they destroy their notes in good faith. See also, <u>United States v. Hoppe</u>, 645 F.2d 630 (8th Cir. 1981), <u>cert</u>. <u>denied</u>, 464 U.S. 829, 102 S. Ct. 122. The purpose of this motion is to place the government on notice that any destruction their rough notes cannot be in good faith as of this time forward.

WHEREFORE, Defendant HARRIS prays that this Honorable Court will enter its Order requiring all Government agents to retain their "rough" notes, rough drafts, tape recordings, memoranda and work sheets and for such other Order as may be just and proper.

                                                  Respectfully Submitted,

                                                  <u>s/ Anthony T. Chambers</u>
                                                  Anthony T. Chambers (P38177)
                                                  220 W. Congress, Fifth Floor
                                                  Detroit, Michigan 48226
                                                  (313) 964-5557
                                                  (313) 964-4801 Fax
                                                  achambers3650@yahoo.com

February 12, 2008

# **CERTIFICATION**

I hereby certify that the forgoing papers were faxed this date, and by hand delivery to the following:

**Terra Brown**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: terra.brown@usdoj.gov

Date: February 12, 2008              By: s/ Shantel Stoudemire, Paralegal to Attorney Chambers