UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 410 |
| v. | ) | |
| | ) | |
| | ) | Hon. Harry D. Leinenweber |
| GREGORY HARRIS | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION FOR A BILL OF PARTICULARS**

Now comes the United States of America, by and through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and respectfully submits the following Response to Defendant Gregory Harris' Motion for a Bill of Particulars.

**I.   FACTUAL BACKGROUND**

On December 13, 2007, the Superseding Indictment (hereinafter, "the indictment") was returned against defendant Gregory Harris and twenty other defendants. Count One charges Gregory Harris with conspiring with Calvin Buffington and other members of the Buffington drug trafficking organization (hereinafter, "the Buffington DTO") to possess with intent to distribute and to distribute in excess of 5 kilograms of cocaine, in violation of Title 21, United States Code, Section 846. Count One identifies Gregory Harris as a wholesale cocaine customer of the Buffington DTO. Count Four charges Gregory Harris with traveling on March 12, 2007, between Michigan and the Northern District of Illinois to facilitate the conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Section 1952. Count Five charges Gregory Harris with having knowingly and intentionally possessed with the intent to distribute on March 12,

2007 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Section 2.

The charges in the indictment against Gregory Harris stem from a traffic stop of Gregory Harris and Michael Smith on March 12, 2007, which resulted in the seizure of over 5 kilograms of cocaine from a van registered to Gregory Harris. The traffic stop and seizure were detailed in the June 28, 2007 affidavit filed in support of a criminal complaint filed against Calvin Buffington and thirteen others. *United States v. Calvin Buffington, et al.*, 07 CR 410 (Magistrate Judge Cole), Section IV.D. The government has since provided Gregory Harris with reports and recordings pertaining to the March 12, 2007 traffic stop and seizure of cocaine.

**II.     ANALYSIS**

A defendant is not entitled to a bill of particulars as a matter of right. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927). Rule 7(f) of the Federal Rules of Criminal Procedure authorizes a bill of particulars only where an indictment fails to sufficiently apprise the defendant of the offense with which he is charged. Such a bill is not necessary when the indictment "sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981); *see also United States v. Hamling*, 418 U.S. 87, 117-19 (1974) (indictment that repeats wording of the statute is generally sufficient).

An indictment satisfies this standard if it sets forth the elements of each offense charged, cites the statutes that are violated, and the time and place of the defendant's conduct that allegedly violated the statute. *See United States v. Roya*, 574 F.2d 386, 391 (7th Cir.), *cert. denied*, 439 U.S. 857 (1978). This is true because a defendant has only a constitutional right to know the offenses with which he is charged, not "the details of how it will be proved." *Kendall*, 665 F.2d at 135; *see*

*also United States v. Balogun*, 971 F.Supp. 1215, 1227 (N.D. Ill. 1997). Thus, a bill of particulars may not be used to obtain evidentiary details about the government's case. *See United States v. Glecier*, 923 F.2d 496, 501 (7th Cir.), *cert. denied*, 502 U.S. 810 (1991).

In accordance with the general proscription against compelled pretrial disclosure of the details of the government's evidence, courts have held that a motion for a bill of particulars should be denied when the indictment, combined with the discovery provided by the government, adequately informs the defendants of the charges against them. *See United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). In this case, Gregory Harris is charged in an indictment which supplies precise details about the nature of the charges and what constitutes the offending conduct. The government has provided Gregory Harris with thousands of pages of discovery material pertaining to the conspiracy charge in this case. That discovery material includes all reports and recordings generated as a result of the March 12, 2007 traffic stop and seizure of cocaine.

Nonetheless, Gregory Harris asserts that the indictment does not provide him with a sufficient opportunity to present his defense. However, "a bill of particulars is not required when information necessary for a defendant's defense can be obtained through some other satisfactory form." *Canino*, 949 F.2d at 949 (internal quotations and citation omitted). In this case, the government has provided Gregory Harris with extensive pretrial discovery.

### III. CONCLUSION

For the aforementioned reasons, Gregory Harris' motion for a bill of particulars should be denied.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: /s/ Terra L. Brown
TERRA L. BROWN
Assistant U.S. Attorney
U. S. Attorney's Office
219 S. Dearborn Street
Chicago, Illinois  60604
(312) 353-3148

DATED:  March 11, 2008