UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  07 CR 410 |
| v. | ) | |
| | ) | |
| | ) | |
| ERIC CALDWELL, | ) | |
| MICHAEL SMITH, and | ) | Hon. Harry D. Leinenweber |
| GREGORY HARRIS | ___) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANTS'
MOTIONS FOR SEVERANCE**

Now comes the United States of America, by and through its attorney, PATRICK J.

FITZGERALD, United States Attorney for the Northern District of Illinois, and respectfully submits

the following Response to the Motion of Defendants Eric Caldwell, Michael Smith, and Gregory

Harris for Severance.

**I.      FACTUAL BACKGROUND**

On December 13, 2007, the Superseding Indictment (hereinafter, "the indictment") was

returned against defendants Eric Caldwell, Michael Smith, Gregory Harris and eighteen other

defendants.  Count One charges Eric Caldwell, Michael Smith, and Gregory Harris with conspiring

with Calvin Buffington and other members of the Buffington drug trafficking organization

(hereinafter, "the Buffington DTO") to possess with intent to distribute and to distribute in excess

of 5 kilograms of cocaine, in violation of Title 21, United States Code, Section 846.  Count One

identifies Eric Caldwell and Gregory Harris as wholesale cocaine customers of the Buffington DTO.

Count One further identifies Michael Smith as an individual who assisted Gregory Harris in his role

as a wholesale cocaine customer of the Buffington DTO. Count Four charges Gregory Harris and Michael Smith with traveling on March 12, 2007, between Michigan and the Northern District of Illinois to facilitate the conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Section 1952. Count Five charges Gregory Harris and Michael Smith with having knowingly and intentionally possessed with the intent to distribute on March 12, 2007, 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

## II.    <u>ANALYSIS</u>

Defendants Eric Caldwell, Michael Smith, and Gregory Harris have moved to sever their trials from the trials of their co-defendants. Although the motions of these defendants differ in certain respects, the defendants allege that they would be prejudiced by a joint trial because of the number of charges and strength of the evidence against their co-defendants. As the government will explain below, none of these defendants has shown the type of prejudice to them that would require that they be tried separately from their co-defendants.

The Federal Rules of Criminal Procedure plainly contemplate that multiple defendants may be tried together "if they are alleged to have participated . . . in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Indeed, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *United States v. Souffront*, 338 F.3d 809, 828 (7th Cir. 2003), *cert. denied sub. nom*, *Colon v. United States*, 540 U.S. 1201 (2004) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)).

Similarly, there is a strong presumption that co-conspirators will be tried jointly. *United States v. McClurge*, 311 F.3d 866, 871 (7th Cir. 2002). Joint trials "promote efficiency and 'serve

the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro*, 506

U.S. at 537 (quoting *Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987)).  Joint trials also reduce

the burdens on the judiciary, prosecutors, and witnesses, they eliminate the extra expenses that are

incurred in multiple trials, and they reduce the chance that each defendant will attempt to create

reasonable doubt by blaming an absent co-conspirator.  *United States v. Blassingame*, 197 F.3d 271,

286 (7th Cir. 1999).  Accordingly, in all but the "most unusual circumstances," the risk of prejudice

arising from a joint trial is "outweighed by the economies of a single trial in which all facets of the

crime can be explored once and for all."  *Id.*

       However, "[i]f the joinder of offenses or defendants in an indictment . . . or a consolidation

for trial appears to prejudice a defendant or the government, the court may order separate trials of

counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim.

P. 14(a).  Nevertheless, Rule 14 does not require severance even if prejudice is shown; rather the

Rule leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.

*Zafiro*, 506 U.S. at 538-39.  When defendants have been properly joined under Rule 8(b), "a district

court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would

compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable

judgment about guilt or innocence."  *Id*. at 539.

       In order to obtain a separate trial, a defendant must demonstrate that the denial of severance

will cause him "actual prejudice" that will deprive him of his right to a fair trial; it is insufficient that

separate trials will give a defendant a better opportunity for an acquittal.  *United States v. Rollins*,

301 F.3d 511, 518 (7th Cir.2002) (citations omitted); *see also Zafiro*, 506 U.S. at 540. In this case,

defendants have failed to show that there is a serious risk that a joint trial would compromise a

specific trial right or would prevent the jury from making a reliable judgment about their guilt or innocence.

Defendants Eric Caldwell, Michael Smith, and Gregory Harris essentially argue that the government has more evidence against their co-defendants, and that they will be prejudiced by the spill-over effect. As a general matter, however, "[t]he fact that the government has greater evidence against one co-defendant does not automatically give the other defendant grounds for severance." *United States v. Studley*, 892 F.2d 518, 524 (7th Cir. 1989). Also, given that defendants Eric Caldwell, Michael Smith, and Gregory Harris, along with their co-defendants are charged with the crime of conspiracy, the vast majority of the evidence offered by the government will in fact be admissible against all of the defendants.

In a similar situation to the instant case (*i.e.* where co-defendants played more significant roles in the conspiracy and were charged with other crimes relating to the conspiracy), the Seventh Circuit in *United States v. Thompson*, 286 F.3d 950, 968 (7th Cir. 2002), held that the district court properly denied a motion for severance where defendants alleged they should be severed from their co-defendants, who were larger players in a drug conspiracy, and who had been charged with crimes relating to a murder. The Seventh Circuit noted, "The fact that each defendant was part of a common conspiracy is enough to justify joinder under Fed.R.Crim.P. 8(b)." *Id.* Furthermore, a cautionary instruction generally is sufficient to cure any unfair prejudice resulting from disparities in the amount of proof among defendants who are tried jointly. *United States v. Briscoe*, 896 F.2d 1476, 1498 (7th Cir. 1990), *cert. denied* 498 U.S. 863 (1990). To the extent any evidence comes in only against certain co-defendants and not against others, the appropriate inquiry is "whether it is within the jury's capacity to follow the trial court's limiting instructions requiring separate consideration for each

- 4 -

defendant and the evidence admitted against him." *United States v. Neely*, 980 F.2d 1074, 1090 (7th Cir. 1992), citing *United States v. Gonzalez*, 933 F.2d 417, 425-26 (7th Cir. 1991). Courts presume that a jury will follow their instructions and sort through the evidence as instructed, giving separate consideration to each defendant. *United States v. Crockett*, 979 F.2d 1204, 1217 (7th Cir. 1992) (citations omitted). If at trial, such an instruction is necessary (which the government presumes to be the case), this Court can include such an instruction to the jury. *See* Seventh Circuit Pattern Instruction 4.05 (requiring separate consideration of evidence for each defendant).

Defendants offer no concrete reason why a limiting instruction to the jury would not adequately protect their trial rights. Instead, the moving defendants have merely alleged the possibility of spill-over evidence. Moreover, the moving defendants do not argue that there is insufficient admissible evidence to convict them without any potential spill-over evidence from their co-defendants. *See United States v. Moore*, 363 F.3d 631, 642 (7th Cir. 2004) ("[b]ecause there was ample additional evidence on which to support [one defendant's] conviction aside from any possible spill-over that might have occurred from the evidence against [the other defendant], it is also the case that [the first defendant] cannot show that he was harmed as a result of the joint trial"), sentence vacated on other grounds by *Young v. United States*, 125 S.Ct. 1019 (2005).

In short, defendants have failed to establish that a joint trial with the other named co-conspirators would present a serious risk of compromising a specific trial right of theirs. This Court should not grant their motions to sever based on the nebulous phantom of unarticulated "spillover" evidence.

**III.**    **CONCLUSION**

For the aforementioned reasons, the motions of Eric Caldwell, Gregory Harris, and Michael

Smith for severance should be denied.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:    /s/ Terra L. Brown
TERRA L. BROWN
Assistant U.S. Attorney
U. S. Attorney's Office
219 S. Dearborn Street
Chicago, Illinois  60604
(312) 353-3148

DATED:  March 11, 2008