**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

                                    Case No. 07-CR-410

vs.                                        HON. HARRY D. LEINENWEBER

GREGORY HARRIS D-21,

      Defendant.
_____/

**DEFENDANT HARRIS' RESPONSE TO GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS TO SUPPRESS EVIDENCE AND REQUEST FOR AN EVIDENTIARY HEARING**

**Warrantless Stop, Unlawful Detention, Illegal Search & Seizure, Unlawful Arrest and the Request for an Evidentiary Hearing**

Defendant GREGORY HARRIS moves this Honorable Court to conduct an evidentiary hearing to determine whether the evidence seized from the traffic stop conducted on March 12, 2007 should be suppressed. On March 12, 2008, Defendant HARRIS filed two motions: 1) Motion to Suppress Evidence Seized From A Warrantless Stop And Illegal Search And Seizure of His Chrysler Pacifica; and 2) Motion to Suppress Evidence Seized From A Warrantless Stop And Illegal Search And Seizure of His Chrysler Voyager. "[E]videntiary hearings on motions to suppress are not granted as a matter of course but are held only when the defendant alleges sufficient facts which if proven would justify relief." United States v Villegas, 388 F.3d 317 (7th Cir. 2004) (citing United States v Coleman, 149 F.3d 674, 677 (7th Cir. 1998)).

In this case, an evidentiary hearing should be granted because: 1) There is a factual dispute between Defendant HARRIS and law enforcement; 2) These facts need to be established by the Court; and 3) It is necessary for the court to hear the evidence in order to determine the facts of this case so the court will know what standard to apply to the initial stop, detention, and ultimate arrest of the defendants, as well as, the search and seizure of the vehicles.

It is critical to determine the facts which law enforcement relied upon to conduct a detention, search and seizure. The facts are only available to counsel and the court by way of an evidentiary hearing.

In this case, Defendant HARRIS' motions are predicated on the sworn affidavits and statements already provided by law enforcement. Moreover, a suppression hearing was previously scheduled in this matter absent Defendant HARRIS' sworn affidavit. It was adjourned because Defendant HARRIS agreed to reset the date. Defendant HARRIS did not, however, ever agree that his motion was stale because it lacked a sworn affidavit.

Although this is a complex indictment, charging several defendants with multiple counts, the only relevant evidence being offered against Defendant HARRIS was obtained during the traffic stop on March 12, 2007. As such, Defendant HARRIS should be granted an evidentiary hearing to secure his 6th Amendment right to a fair trial.

**Search of the Pacifica**

An evidentiary hearing should be granted because there is a dispute of facts with relation to the legitimacy of the traffic stop and the scope of the investigation during the stop. A traffic stop must be reasonably related in scope to the circumstances that justified

the initiation of the stop. *See* United States v Green, 111 F.3d 515, 519 (7th Cir. 1997). An overreaching investigation includes questions that fall outside the scope of the purpose for the seizure. Questions outside the scope of investigating a traffic stop are acceptable only if they were "brought on by the trooper's reasonable suspicions." United States v Rivera, 906 F.2d 319, 322 (7th Cir. 1990). Reasonable suspicion is "some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." United States v Cortez, 449 U.S. 411, 417, 66 L. Ed. 2d 621, 1010 S.Ct. 690 (1981). Furthermore, reasonable suspicion must be "supported by articulable facts that criminal activity is afoot." United States v Swift, 220 F.3d 502, 506 (7th Cir. 2000) (citing Terry v Ohio, 392 U.S. 1, 30, 20 L.Ed. 889, 88 S.Ct. 1868 (1968)).

In this case, law enforcement did not have probable cause or reasonable suspicion to warrant the unlawful search and seizure of the Pacifica. At the time of the traffic stop and arrest, the only information officers knew was that the Pacifica had visited the home of Codefendant Buffington's mother located at 11543 South Carpenter Street. Agents did not witness any criminal activity during this visit, nor did they witness any criminal activity subsequent to Defendant HARRIS leaving that address up until his arrest on Interstate 80/94.

There is clearly a dispute of fact between law enforcement and Defendant HARRIS. As such, an evidentiary hearing should be granted.

WHEREBY Defendant HARISS respectfully requests this Court to order a hearing to determine facts and validity of the traffic stop.

Respectfully Submitted,

s/ Anthony T. Chambers
Anthony T. Chambers (P38177)
220 W. Congress, Fifth Floor
Detroit, Michigan 48226
(313) 964-5557
(313) 964-4801 Fax
achambers3650@yahoo.com

## **CERTIFICATION**

      I hereby certify that the forgoing papers were faxed this date, and by hand delivery to the following:

**Terra Brown**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: terra.brown@usdoj.gov

Date: April 8, 2008                              By: s/ Angela Howell, Attorney