# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 CR 410 | **DATE** | 4/11/2008 |
| **CASE TITLE** | United States vs. Buffington, et al | | |

**DOCKET ENTRY TEXT**

Before the Court are Defendant Gregory Harris [358, 359] and Defendant Michael Smith's [279] motions to suppress evidence seized after warrantless traffic stops and requests for an evidentiary hearing. The Court grants the request for an evidentiary hearing and withholds ruling on the motions until after the evidentiary hearing is complete.

■[ For further details see text below.]

## STATEMENT

Before the Court are Defendant Gregory Harris and Defendant Michael Smith's motions to suppress evidence and requests for an evidentiary hearing. The government asks that the Court deny the motions to suppress without an evidentiary hearing. For the reasons stated herein, the Court orders an evidentiary hearing and withholds ruling on the motions to suppress until after the evidentiary hearing is complete.

An evidentiary hearing on a motion to suppress is not required unless the movant has made a showing that there is an issue of fact that must be decided in order to reach the merits of the motion. *See United States v. Rollins*, 862 F.2d 1282 (7th Cir. 1988). Reliance on vague, conclusory allegations is insufficient to create such a factual dispute. *See United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992). Rather, a defendant must show "definite, specific, detailed, and nonconjectural" facts justifying relief. *Id.*

Defendant Smith argues that, although he was properly stopped for speeding, the officer unlawfully extended the duration of the traffic stop without reasonable articulable suspicion of any further wrongdoing. The government and Defendant Smith dispute the timing and order of events, the length of delay in waiting for a canine unit, and the information known to the officer on the scene which could have justified sufficient suspicion. Resolution of these details is necessary in determining whether Defendant Smith's continued seizure was justified and its length reasonable.

Defendant Harris argues that the Chrysler Pacifica was stopped without cause, that the search of the vehicle was effectuated without cause, and the eventual arrest of Defendant Harris was also without cause. The Defendant argues that clarification of the basis for the officer's suspicions will help to resolve whether the original stop was justified, whether further detention was warranted, and whether the officer had cause to expand the scope of the original stop. A factual hearing on the scope of the the arresting officer's knowledge

**STATEMENT**

and the basis for his suspicion will aid the Court in resolution of Defendant Harris' claims.

The government argues that the Defendants' failure to attach sworn affidavits to their motions requires denial of the motions without an evidentiary hearing. The Court disagrees. Although the Defendant does have the burden of presenting factual disputes which require an evidentiary hearing, "the Seventh Circuit has never held that submission of an affidavit by the defendant is the only way to clear the threshold." *United States v. Oliver*, 142 F.Supp.2d 1047, 1051 (N.D. Ill. 2001). The case does not require anything more than a sufficiently detailed written motion. *See id.*

Because there are factual disputes concerning the timing and delays associated with the stops, the officers' bases for the stops, and the information known to the officers that effectuated the stops, the Court will grant the request for an evidentiary hearing.