## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 CR 410 | **DATE** | 4/11/2008 |
| **CASE TITLE** | United States vs. Buffington, et al | | |

**DOCKET ENTRY TEXT**

Before the Court are motions to sever presented by Defendants Michael Smith [280], Gregory Harris [364], and Eric Caldwell [313]. These motions are **denied** without prejudice.

■[ For further details see text below.]

### STATEMENT

Before the Court are motions to sever presented by Defendants Michael Smith, Gregory Harris, and Eric Caldwell. These motions are denied without prejudice.

It is well established that co-conspirators generally should be tried together. *See United States v. Carillo*, 435 F.2d 767 (7th Cir. 2006); *United States v. Chrismon*, 965 F.2d 1465, 1476 (7th Cir. 1992). The district court has discretion to grant severance, however, where the prejudice of joinder outweighs the benefits of a single trial. *See* Fed. R. Crim. P. 14. The defendant must show that denial of severance would cause actual prejudice; it is insufficient that separate trials will give a defendant a better chance for acquittal. *United States v. Rollins*, 301 F.3d 511, 518 (7th Cir. 2002). Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

The collective motions for severance are based on essentially five grounds: (1) judicial economy; (2) the existence of conflicting or inconsistent defenses; (3) the admission of co-defendant confessions in violation of *Bruton v. United States*, 391 U.S. 123 (1968); (4) the loss of exculpatory statements by other co-defendants; and (5) the risk of an unfair trial based on jury confusion, spill-over evidence, and imputation of guilt.

Defendants Smith and Harris argue that severance would be more economical than a joint trial. They contend that because their involvement is limited to the narrow events of traffic stops on March 12, 2007, trial of their individual cases would be very short and would not require introduction of the bulk of other evidence relating to the conspiracy. Yet the Defendants cannot be sure that their trial on the conspiracy count would not require the government to re-establish the entirety of the drug conspiracy and Defendants' place within it. Nor can they be certain that the government would not need to include testimony about their

**STATEMENT**

individual traffic stops in the main trial against their co-defendants.  Any gain in judicial economy by severing Defendants Smith and Harris is speculative at best.

The passing reference to conflicting or inconsistent defenses in Defendant Harris' motion also fails to provide sufficient reason to sever his trial.  It is well established that defendants are not entitled to severance based on the mere existence of inconsistent or even mutually antagonistic defenses.  *See Zafiro*, 506 U.S. at 538.

Defendant Harris raises the possibility that statements or confessions of co-defendants may be introduced at trial, and argues that the Court's decision in *Bruton v. United States*, 391 U.S. 123 (1968), requires severance.  Yet, at this point, the government has not declared that it intends to introduce any statements of co-defendants, and the government is not expected to make its *Santiago* proffer until one month before trial.  The existence of a *Bruton* problem is therefore speculative at this time.  Nor would admission of a co-defendant's statement necessarily warrant severance.  The Court can adequately prevent the risk of such prejudice by admitting the statement in a redacted form, *see Richardson v. Marsh*, 481 U.S. 200, 211 (1987), or refusing to allow introduction of the statement altogether.  Severance is not warranted on this basis.

Defendants Harris and Caldwell further argue that they will be prejudiced by not being able to call co-defendants who could provide exculpatory evidence.  There is no absolute requirement, however, that severance be granted when defendants suggest that testimony of a co-defendant is not available to them unless they are tried separately.  *See United States v. Kahn*, 381 F.2d 824, 841 (7th Cir. 1967).  Without something more than the mere possibility that a co-defendant would provide exculpatory testimony at a separate trial, the motion for severance must be denied.

Finally, all three defendants (Smith, Harris, and Caldwell) make arguments about the unfairness of a joint trial, based on the quantum of the evidence, the number of defendants, the likelihood of jury confusion, and the risk of imputing guilt.  The Court acknowledges the potential prejudice that inheres in complex conspiracy cases such as this.  There are "real and serious possibilities of confusion in the jury, which may indulge in unwarranted imputations of guilt, particularly where the evidence is complex or circumstantial and where there are many defendants."  *Kahn*, 381 F.2d at 839.  This risk of prejudice is heightened even further where the degree of culpability among the defendants could vary markedly.  *See Zafiro*, 506 U.S. at 539.  Yet, less drastic measures than severance, particularly the use of limiting instructions, usually suffice to cure the risk of prejudice.  *See id.*  As this case moves closer to trial, the Court will continue to consider the risks of prejudice and the best way to safeguard the Defendants' rights to a fair trial. However, the situation does not require severance at this time.